IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ZACHARY ADAMS,

    Plaintiff,	Case No.: _____

vs.

SKY LEASE 1, INC.. a Florida Corporation,
doing business as SKY LEASE CARGO,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ZACHARY ADAMS, sues the Defendant SKY LEASE 1, INC. and alleges:

1. Plaintiff brings this action under Title VII of the U.S. Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., and under the Florida Civil Rights Act, §§760.01-760.11, Florida Statutes, to remedy the Defendants' intentional discrimination against the Plaintiff because of his race and national origin.

## THE PARTIES

2. Defendant SKY LEASE 1, INC. is a corporation organized under the laws of the state of Florida, with its principal place of business at 4450 NW 36th Street, Miami, Florida 33166, within the jurisdiction of this Court.

3. At all times hereinafter mentioned the said Defendant was engaged in an industry affecting commerce; had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year;

Defendant is and was an "employer" within the meaning of 42 U.S.C. §2000e(b) and §760.02(7), Florida Statutes.

4. Defendant is a certificated air carrier under the laws of the United States. At all material times the said Defendant was and is engaged under the name and style of SKY LEASE CARGO in transporting freight and other goods by air, throughout the United States and internationally.

5. The Plaintiff ZACHARY ADAMS is a resident of the state of Florida, residing at 157 N.E. Sagamore Terrace, Port St. Lucie, Florida, 34983. Plaintiff's race is Caucasian and white, non-Hispanic; he was born in the United States of American and is a U.S. citizen.

6. From in or about February, 2019, through on or about February 29, 2020, the Plaintiff was employed by the Defendant SKY LEASE 1, INC. in Miami-Dade County, Florida. During his employment the Plaintiff served as the Defendant's Director of Operations.

7. The position of Director of Operations for a U.S. - based certificated air carrier such as the Defendant must be held by a person having specific qualifications which are set forth in regulations of the Federal Aviation Administration (the "FAA") at 14 Code of Federal Regulations 119.67(a).

8. Plaintiff's qualifications and prior experience in aviation met or exceeded the FAA's requirements at all times prior to and during his employment by the Defendant. Plaintiff holds an Airline Transport Pilot's Certificate with a Boeing 747-400 Type Rating and ratings on other aircraft. He has served as captain on the B747, B727,

DC-8, DC-9, DC-10, MD-80 and other smaller jets and also as a check pilot and instructor. At present, Plaintiff remains fully qualified to serve as Director of Operations for a certificated air carrier.

9. As the Defendant's Director of Operations, Plaintiff was responsible for overseeing all of the Defendant's air operations and ensuring that its operations complied in all respects with requirements of the FAA and other regulatory agencies world-wide.

10. At all times during his employment by the Defendant, Plaintiff performed his duties and responsibilities diligently and in an exemplary manner.

## JURISDICTION AND VENUE

11. The Court has jurisdiction of this action under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1331 as to Counts I and II. The Court has supplemental jurisdiction of Plaintiff's state law claims, Counts III and IV under 28 U.S.C. §1367. Venue lies in the Southern District of Florida because the Defendant resides in this judicial District and a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. On or about October 6, 2020, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (the "EEOC") alleging that the Defendant discriminated against him because of his race and national origin. His charge against the Defendant was also filed with the Florida Commission on Human Relations (the "FCHR") pursuant to §760.11(1), Florida Statutes.

13. On or about August 20, 2021, the EEOC issued a Notice of Dismissal and Statement of Rights authorizing the Plaintiff to file a civil action under Title VII of the Civil Rights Act of 1964, as amended. The FCHR has not issued any determination upon the Plaintiff's charge within 180 days of filing; accordingly, Plaintiff is authorized under §760.11(4), Florida Statutes, to bring a civil action under the Florida Civil Rights Act.

14. All conditions precedent to this action have been met or were waived.

## FACTS COMMON TO ALL COUNTS

15. From in or about February, 2019, through on or about February 29, 2020, the Plaintiff was employed by the Defendant at Defendant's principal place of business in Miami, Florida. During his employment Plaintiff served as the Defendant's Director of Operations.

16. Plaintiff met or exceeded all requirements for his position as Defendant's Director of Operations, including without limitation the qualifications stated under FAA regulations. At all times the Plaintiff satisfactorily performed the responsibilities of his position.

17. In an email dated February 21, 2020, the Defendant's Executive Director, one Marcos Montesano, demanded that the Plaintiff resign from his position as Director of Operations and from any other position in the company, effective February 29, 2020. Plaintiff complied with this demand and resigned his employment, effective February 29, 2020. He was allowed to continue working as a consultant to the Defendant through

March 20, 2020.  Plaintiff has performed no services for SKY LEASE 1, INC. since that date.

18. After Plaintiff's termination, the Defendant attempted to replace the Plaintiff with an individual who did not meet the FAA's requirements for the position of Director of Operations. That individual is Hispanic, as is the owner of Sky Lease, Alfonso C. Rey, who came to the U.S. from Argentina, as well as the Executive Director, Marcos Montesano, who fired the Plaintiff.  Most of the company's other managers except for the Plaintiff were and are Hispanic, as were many of the pilots whose flight operations Plaintiff supervised.  Many of the Defendant's personnel are not U.S. born.

19. The FAA' Principal Operations Inspector, the official who was responsible for monitoring Defendant's compliance with federal aviation regulations, informed the Defendant that the individual selected to be Plaintiff's successor, one Alex Espinal, was not qualified and could not serve as Director of Operations.  Unlike the Plaintiff, Mr. Espinal had never previously served as a chief pilot or as Director of Operation for an FAA-certificated air carrier.

20. Defendant requested a deviation from the FAA regulations to allow Mr. Espinal to serve as Director of Operations.  The requested deviation was granted on April 4, 2020.  The Defendant therefore was allowed to appoint Alex Espinal to serve as its Director of Operations even though he lacked the requisite qualifications.

21. Before Plaintiff was terminated certain comments were made about Plaintiff's non-Hispanic ethnicity compared to the Defendant's predominately Hispanic management and workforce.  After the Plaintiff's termination Defendant replaced the

5

Plaintiff with a lesser qualified person who is Hispanic. Upon information and belief the Plaintiff's race, and/or his national origin were determinative factors in the employer's decision to terminate his employment.

22. As the air carrier's Director of Operations, Plaintiff was responsible for ensuring that all of its flight operations complied with FAA regulations. In doing so, Plaintiff took steps to correct the Defendant's practices involving some of its pilots who flew for other air carriers when not on duty with Sky Lease. An FAA regulation, 14 CFR §121.517, required them to report the additional hours they worked for other carriers to the Defendant in order to prevent violations of the limitations on flight duty time and of the required rest times between flights.

23. When Plaintiff required Defendant's pilots to comply with this regulation two pilots - both of whom are Hispanic - refused to comply. One resigned and the other was terminated. Afterward, the Director of Safety, who is also Hispanic, made a sarcastic comment to the Plaintiff stating "Oh, you think you broke up the Venezuelan Mafia."

24. Subsequently, Plaintiff directed Defendant's flight operations personnel to comply with the international standard requiring all operational communications to be conducted in English. English-language proficiency is required of aviation professionals, not only in the U. S. but under rules established by the International Civil Aviation Organization ("ICAO").

25. Some within the company opposed Plaintiff's directive. Spanish was the preferred language of many of Defendant's personnel. Plaintiff's enforcement of the

6

English language requirement was resisted in several communications between the president of the pilot's association, the Defendant's Director of Safety and the Executive Director, Marcos Montesano, circumventing the Plaintiff.  On February 12, 2020, Plaintiff reminded these officials in writing that any such communications should follow the established chain of command.

26.   On or about February 20, 2020, Executive Director Montesano called Plaintiff to his office and demanded Plaintiff's resignation.  Mr. Montesano told the Plaintiff 'you are not a part of my team' or words to that effect.

27.   Plaintiff received an email from Mr. Montesano dated February 21, 2020, with copies to other managers, ordering Plaintiff to resign from his position as Director of Operations and from any other position with the company.  Plaintiff's resignation was to be effective February 29, 2020, but he was to stay on as a consultant for until March 20, 2020, to train his replacement.

28.   Plaintiff's designated successor, Alex Espinal, lacked the required qualifications to serve as Director of Operations, as alleged above, but Defendant eventually obtained a deviation allowing him to do so.

### COUNT I - Discrimination Based on Race
### [Title VII, U.S. Civil Rights Act, 42 U.S.C. §2000e et seq.]

29.   Plaintiff restates the allegations of paragraphs 1 through 28, above, as if they were fully set forth in this Count I.

30.   Plaintiff 's race is Caucasian, white and non-Hispanic.

7

31. Plaintiff is, and was, fully qualified for the position he held with the Defendant. At all times the Plaintiff satisfactorily performed the duties and responsibilities of his position as Director of Operations.

32. Beginning on or about February 20, 2020, and continuing through the present the Defendant, by and through the acts and omissions of its directors, officers and managers, discriminated against the Plaintiff with respect to the terms, conditions, and privileges of his employment, because of Plaintiff's race in the manner set forth above, in violation of 42 U.S.C. §2000e-2(a).

33. On or about February 29, 2020, the said Defendant terminated the Plaintiff's employment and discharged him because of Plaintiff's race, in violation of 42 U.S.C.§2000e-2(a). In the alternative, Defendant's demand that Plaintiff resign his position constituted a constructive discharge.

34. The acts and omissions alleged herein constituted unlawful intentional discrimination by the Defendants against the Plaintiff.

35. As a direct and proximate result of the Defendant's discrimination, the Plaintiff has suffered damages, including lost wages and other benefits as well as future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non- pecuniary losses, for which compensatory damages may be awarded under 42 U.S.C. §1981a.

36. Defendant, its directors, officers and managers, engaged in such practices with malice and with reckless indifference to the federally protected rights of the Plaintiff.

37. Plaintiff has retained the undersigned attorney to represent him in this action and has thereby incurred and will incur substantial attorney's fees and costs.

WHEREFORE, cause having been shown, Plaintiff asks the Court to enter judgment against the Defendant, ordering the Defendant to reinstate the Plaintiff to his former position, with back pay and benefits and with prejudgment interest thereon; to award the Plaintiff additional compensatory damages, punitive damages, a reasonable attorney's fee (including expert fees) and the costs of this action.

### COUNT II - Discrimination Based on National Origin
### [Title VII, U.S. Civil Rights Act, 42 U.S.C. §2000e et seq.]

38. Plaintiff restates the allegations of paragraphs 1 through 28, above, as if they were fully set forth in this Count II.

39. Plaintiff is of U.S. birth and national origin.

40. Plaintiff is, and was, fully qualified for the position he held with the Defendant; he satisfactorily performed the responsibilities of his position at all relevant times.

41. Beginning on or about February 20, 2020, and continuing through the present the Defendant, by and through the acts and omissions of its directors, officers and managers, discriminated against the Plaintiff with respect to the terms, conditions, and privileges of his employment, because of Plaintiff's national origin in the manner set forth above, in violation of 42 U.S.C. §2000e-2(a).

42. On or about February 29, 2020, the said Defendant terminated the Plaintiff's employment and discharged him because of Plaintiff's national origin, in

violation of 42 U.S.C. §2000e-2(a). In the alternative, Defendant's demand that Plaintiff resign his position constituted a constructive discharge.

43. The acts and omissions alleged herein constituted unlawful intentional discrimination by the Defendants and against the Plaintiff.

44. As a direct and proximate result, the Plaintiff has suffered damages, including lost wages and other benefits as well as future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, for which compensatory damages may be awarded under 42 U.S.C. §1981a.

45. Defendant, its directors, officers and managers, engaged in such practices with malice and with reckless indifference to the federally protected rights of the Plaintiff.

46. Plaintiff has retained the undersigned attorney to represent him in this action and has thereby incurred and will incur substantial attorney's fees and costs.

WHEREFORE, cause having been shown, Plaintiff asks the Court to enter judgment against the Defendant, ordering the Defendant to reinstate the Plaintiff to his former position, with back pay and benefits, with prejudgment interest thereon; to award the Plaintiff additional compensatory damages, punitive damages, a reasonable attorney's fee (including expert fees) and the costs of this action, and for other appropriate relief.

## COUNT III - Discrimination Based on Race
### [Florida Civil Rights Act, §§760.01 - 760.11, Florida Statutes]

47. Plaintiff restates the allegations of paragraphs 1 through 28, above, as if they were fully set forth in this Count III.

48. Plaintiff's race is Caucasian, white and non-Hispanic.

49. Plaintiff is, and was, fully qualified for the position he held with the Defendant. He satisfactorily performed the responsibilities of her position at all relevant times.

50. Beginning on or about February 20, 2020, and continuing through the present the Defendant, by and through the acts and omissions of its directors, officers and managers, discriminated against the Plaintiff with respect to the terms, conditions, and privileges of his employment, because of Plaintiff's national origin in the manner set forth above, in violation of §760.10(1), Florida Statutes.

51. On or about February 29, 2020, the said Defendant terminated the Plaintiff's employment and discharged him because of Plaintiff's race, in violation of §760.10(1), Florida Statutes. In the alternative, Defendant's demand that Plaintiff resign his position constituted a constructive discharge.

52. As a direct and proximate result of Defendant's discrimination, the Plaintiff has suffered damages, including lost wages and other benefits as well as mental anguish, loss of dignity, and other intangible injuries for which compensatory damages may be awarded under §760.11(5), Florida Statutes, which subdivision also authorizes an award of punitive damages without regard to §§768.72 and 768.73, Florida Statutes.

53. Plaintiff has retained the undersigned attorney to represent her in this action and has thereby incurred and will incur substantial attorney's fees and costs.

WHEREFORE, cause having been shown, Plaintiff asks the Court to enter judgment against the Defendant and in favor of Plaintiff; and to issue an order prohibiting the discriminatory practices alleged herein and providing affirmative relief to Plaintiff including back pay; to award compensatory damages to the Plaintiff, including, but not limited to, damages for mental anguish, loss of dignity, and other intangible injuries; awarding punitive damages; and awarding the Plaintiff a reasonable attorney's fee (including expert fees) and the costs of this action.

### COUNT IV - Discrimination Based on National Origin
### [Florida Civil Rights Act, §§760.01 - 760.11, Florida Statutes]

54. Plaintiff restates the allegations of paragraphs 1 through 28, above, as if they were fully set forth in this Count IV.

55. Plaintiff is of U.S. birth and national origin.

56. Plaintiff is, and was, fully qualified for the position he held with the Defendant. He satisfactorily performed the responsibilities of his position at all relevant times.

57. Beginning on or about February 20, 2020, and continuing through the present the Defendant, by and through the acts and omissions of its directors, officers and managers, discriminated against the Plaintiff with respect to the terms, conditions, and privileges of his employment, because of Plaintiff's national origin in the manner set forth above, in violation of §760.10(1), Florida Statutes.

58. On or about February 29, 2020, the said Defendant terminated the Plaintiff's employment and discharged him because of Plaintiff's national origin, in violation of §760.10(1), Florida Statutes. In the alternative, Defendant's demand that Plaintiff resign his position constituted a constructive discharge.

59. As a direct and proximate result of Defendant's discrimination, the Plaintiff has suffered damages, including lost wages and other benefits as well as mental anguish, loss of dignity, and other intangible injuries for which compensatory damages may be awarded under §760.11(5), Florida Statutes, which subdivision also authorizes an award of punitive damages without regard to §§768.72 and 768.73, Florida Statutes.

60. Plaintiff has retained the undersigned attorney to represent him in this action and has thereby incurred and will incur substantial attorney's fees and costs.

WHEREFORE, cause having been shown, Plaintiff asks the Court to enter judgment against the Defendant and in favor of Plaintiff; to issue an order prohibiting the discriminatory practice alleged herein and providing affirmative relief to Plaintiff including back pay; to award compensatory damages to the Plaintiff, including, but not limited to, damages for mental anguish, loss of dignity, and other intangible injuries; awarding punitive damages; and awarding the Plaintiff a reasonable attorney's fee (including expert fees) and the costs of this action.

## **DEMAND FOR JURY TRIAL**

Plaintiff, by and through his undersigned counsel, requests a trial by jury as to each of the above Counts I through IV, as to all issues so triable.

Respectfully submitted on November 18, 2021.

        DONALD R. McCOY, P. A.
        111 S.E. 12th Street
        Fort Lauderdale, Florida 33316
        Telephone: (954) 618-6575
        Facsimile: (954) 618-6577
        mccoyesquire@me.com


        By_____/s/_____
            Donald R. McCoy
            Florida Bar No. 887862

            Attorney for Plaintiff